IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERCY BRADLEY,

    Plaintiff,                      No. CIV S-04-2033 MCE DAD P

    vs.

CAPTAIN LEA, et al.,           <u>ORDER AND</u>

    Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second motion for an injunction prohibiting prison officials from tampering with his mail.

        Plaintiff contends that the defendants are harassing him by tampering with his attempts to send letters, which he characterizes as legal mail, to the Federal Bureau of Investigation and the Postmaster General. The letters in question apparently concern plaintiff's allegations of a conspiracy to retaliate against him because he has filed a lawsuit. Plaintiff believes that he is the victim of mail tampering because these letters were not listed on a document which records outgoing mail from the state prison where he is housed. Plaintiff seeks an order stopping this "harassment" and ensuring that he is not subjected "to physical danger for persuing [sic] civil litigations." (Mot. at 3.)

1

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Plaintiff has not demonstrated the likelihood of success on the merits. Filed concurrently with these findings and recommendations is an order dismissing plaintiff's amended complaint in which he complains of the difficulties he has experienced in sending legal mail from the prison. Plaintiff has been granted leave to file an amended complaint. In that order the court determined that plaintiff has failed to demonstrate that he suffered actual injury because of an alleged violation of his right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 349 (1996). Similarly in this motion for injunctive relief, plaintiff has not demonstrate any actual injury caused by the alleged interference with his legal mail. Therefore, the motion should be denied.

On February 7, 2005, plaintiff filed a letter requesting that a copy of his motion for an injunction be sent to the Federal Bureau of Investigation. Plaintiff is advised that the court will not serve copies of parties' documents on either opposing parties or on third parties.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 7, 2005 letter shall be placed in the file and disregarded.

Also, IT IS HEREBY RECOMMENDED that plaintiff's February 7, 2005 motion for an injunction be denied.

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).
8 DATED: April 28, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

11 DAD:4
brad2033.inj2