IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERCY BRADLEY,

      Plaintiff,                    No. CIV S-04-2033 MCE DAD P

      vs.

CAPTAIN LEA, et al.,

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983[1]. Before the court is plaintiff's second amended complaint.

      The allegations of plaintiff's second amended complaint can be summarized as follows. Plaintiff was transferred from Lancaster State Prison to New Folsom State Prison without receiving sufficient notice and time to challenge the transfer at the classification hearing.

/////

/////

---

[1] The court has construed plaintiff's second amended complaint as a civil rights action brought pursuant to 42 U.S.C. § 1983 even though he erroneously asserts jurisdiction under 42 U.S.C. §§ 1331(a) and 1343, statutes that do not exist. (Second Am. Compl. at 4.)

1

(Second Am. Compl. at 7[2].)  Plaintiff contends that he submitted several prison grievances which were rejected by defendant Appeals Coordinator Lacy.  (Id.)  Plaintiff's grievance concerning a narcotics trafficking charge and another grievance challenging the charge that plaintiff manufactured alcohol, were returned to him as untimely.  (Id. at 7-8.)  Other grievances were also returned without being assigned a log number or referral.  (Id.)

        Plaintiff claims that defendant associate warden Walker violated plaintiff's due process rights and subjected plaintiff to cruel and unusual punishment by assigning staff to the classification committee who are not responsive to plaintiff's custody needs.  (Id. at 8-9.)  As to defendant O'Brian, plaintiff claims that he too violated plaintiff's due process and Eighth Amendment rights by failing to follow rules and regulations regarding the processing of inmate grievances.  (Id. at 9.)  As to defendant mail room supervisor L. Johnson, plaintiff claims that he violated plaintiff's due process rights by failing to operate the mail room in a manner which protected the privacy of correspondence between inmates and persons outside the institution and by mishandling prisoners' mail.  (Id.)  Plaintiff claims that defendant correctional captains Lea and Niles violated plaintiff's due process rights by their "refusal to adhere to prisons regulations that uses explicit mandatory language in requiring that administrators use specific substantive procedures in seting [sic] or modifying an inmates [sic] classification . . . ."  (Id. at 10.)

        In the court's April 28, 2005 order dismissing plaintiff's December 27, 2004 amended complaint and granting plaintiff leave to file a second amended complaint, plaintiff was informed that pursuant to 28 U.S.C. § 1915A(b)(1) and (2), the court will dismiss a complaint, or that portion of a complaint, failing to state a claim upon which relief may be granted.  The court

---

[2] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties.  For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system.  Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party.  If the filing is lengthy, the document is divided into parts.  When referencing a page number of a pleading or other document filed with this court, the court is using the CM/ECF page number which may not coincide with the page number used by the parties.

finds that plaintiff has failed to state either cognizable due process or Eighth Amendment cruel and unusual punishment claims.  Plaintiff has no constitutional rights to a particular classification status.  See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9).[3]  Prisoners also "lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Plaintiff was advised in the court's April 28, 2005 order that with respect to his claim concerning mail room procedures, plaintiff would need to allege an actual injury inn order to state a cognizable Fourteenth Amendment access to court claim.  Plaintiff has failed to do so in his second amended complaint.  Plaintiff has also failed to set forth allegations demonstrating a liberty interest in particular mail procedures.  He does not identify the challenged regulation and he does not explain how he has been harmed by its application.  The court also finds that plaintiff has failed to set forth sufficient allegations concerning the actions of defendants Price and Smith.  Finally, it also appears that defendant Mayfield holds a supervisorial position.  Vague and conclusory allegations concerning the involvement of supervisorial personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Therefore, the court will recommend that the federal civil rights claims be dismissed for failure to state a claim.

        Plaintiff contends that he has stated a state law claim against defendants Pickett and Hampton for their violation of state regulations prohibiting behavior which might lead to disorder in a facility.  (Second Am. Compl. at 11.)  "Under 28 U.S.C. § 1367(c)(3) a district court may elect, in its discretion, not to exercise supplemental jurisdiction over state claims if it has dismissed the original jurisdiction federal claims." Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999), cert. denied, 528 U.S. 1154 (2000) (citing Fang v. United States, 140 F.3d 1238, 1241 (9th Cir. 1998) and Voight v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995)).  Where, as here, all

---

[3] Nor does a prisoner have a constitutional right not to be transferred.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

federal claims are dismissed before trial, the balance of relevant factors points toward declining to exercise jurisdiction over the remaining state law claims. <u>Gini v. Las Vegas Metro. Police Dep't</u>, 40 F.3d 1041, 1046 (9th Cir. 1994); <u>Imagineering, Inc. v. Kiewit Pac. Co.</u>, 976 F.2d 1303, 1309 (9th Cir. 1992). Under these circumstances, the undersigned will recommend that the district court decline to exercise its supplemental jurisdiction to adjudicate plaintiff's state law claim and that the action be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 be dismissed for failure to state a claim; and

2. Plaintiff's state law claim be dismissed without prejudice to its refiling in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brad2033.56